# Noel v. Doolin

*Shanin Specter* and *H. Leon Aussprung III,* for plaintiffs.

*Carolyn R. Sleeper,* for defendants The Cooper Health System, Cooper Hospital and Ramprasad.

*Lawrence P. Engrissei,* for defendant Loving Care Agency, Inc.

*Anna Marie Schmidt Bryan* and *Kim Cocher,* for defendants The Children's Hospital of Philadelphia, Children's Surgical Associates, Ltd. and Doolin M.D.

*John F.X. Monaghan Jr.,* for defendants Fernandez, M.D., Our Lady of Lourdes Medical Center and Osborn Family Health Care Center.

*Matthew C. Wilson,* for defendant Newborn Nurses, Inc.

*John C. Farrell,* for defendant Alpine Medical L.L.C.

LACHMAN, *J.,* January 9, 2004—

## BACKGROUND

On December 13, 2002, plaintiffs filed this medical malpractice action arising out of the medical treatment provided to minor-plaintiff Kolby Ronald Noel. Defendants Loving Care Agency, The Cooper Health System, Cooper Hospital/University Medical Center a/k/a The Children's Regional Center, and Vatsala Ramprasad M.D. filed preliminary objections asserting, among other is-

sues,[1] that venue is improper in Philadelphia County or in any other county in Pennsylvania. Although plaintiffs aver that defendants regularly conduct business in Philadelphia County, the alleged negligent medical treatment occurred exclusively within the State of New Jersey. By orders dated September 3, 2003, the trial court sustained defendants' preliminary objections as to venue and dismissed plaintiffs' amended complaint against them. Plaintiffs filed a timely appeal. For the reasons set forth below, the trial court's decision should be affirmed.

## FACTS

Plaintiffs were residents of New Jersey. Kolby was born on August 9, 2001. He was "hospitalized" at defendant institutions from birth until he was discharged to home on December 24, 2001. During that time, he underwent treatment including a tracheotomy for subglottic stenosis. On July 1, 2002, his "trach" tube became plugged and Kolby went into respiratory distress. As a result, he sustained brain damage. Plaintiffs claim that defendants failed to provide adequate training for maintenance of the tracheotomy, and the performance of CPR for a child with a tracheotomy.

## DISCUSSION

On January 27, 2003, after the enactment of the amended 42 Pa.C.S. §5101.1,[2] but prior to its effective date, the Pennsylvania Supreme Court amended Pa.

---

1. Defendant Loving Care Agency Inc. also challenges jurisdiction within Pennsylvania.

2. 42 Pa.C.S. §5101.1 provides:

"(a) Declaration of policy.—In accordance with section 514(a) of the Act of March 20, 2002 (P.L. 154, No. 13) known as the Medical Care Availability and Reduction of Error (MCARE) Act, and as a matter

R.C.P. 1006 regarding venue to provide the following: "(a.1) Except as otherwise provided by subsection (c), a medical professional liability action may be brought against a health care provider for a medical professional liability claim only in a county in which the cause of action arose."[3] Pursuant to the Pennsylvania Supreme Court's amendatory order of March 5, 2003, the amended Pa.R.C.P. 1006(a.1) applies to all medical professional liability actions filed on or after January 1, 2002.

---

of public policy, the General Assembly further declares the need to change the venue requirements for medical professional liability actions.

"(b) General rule.—Notwithstanding any other provision to the contrary, a medical professional liability action may be brought against a health care provider for a medical professional liability claim only in the county in which the cause of action arose.

"(c) Definitions.— . . .

" 'Health care provider.' A primary health care center, a personal care home licensed by the Department of Public Welfare . . . , or a person, including a corporation, university or other educational institution licensed or approved by the Commonwealth to provide health care or professional medical services as a physician, a certified nurse midwife, a podiatrist, hospital, nursing home, birth center, and an officer, employee or agent of any of them acting in the course and scope of employment. . . .

" 'Medical professional liability action.' Any proceeding in which a medical professional liability claim is asserted, including an action in a court of law or an arbitration proceeding.

" 'Medical professional liability claim.' Any claim seeking the recovery of damages or loss from a health care provider arising out of any tort or breach of contract causing injury or death resulting from the furnishing of health care services which were or should have been provided." (October 17, 2004, effective in 60 days, amended December 9, 2002, effective in 60 days).

3. The note following the amended rule refers to 42 Pa.C.S. §5101.1, (Venue in medical professional liability actions), for definitions of "health care provider," "medical professional liability action," and "medical professional liability claim."

This medical malpractice action was commenced by writ of summons on December 13, 2002, subsequent to the effective date of Pa.R.C.P. 1006(a.1). The Pennsylvania rule regarding venue in a medical professional liability action, as set forth by the Pennsylvania Supreme Court,[4] dictates that venue is only proper in the county in which the cause of action arose. It is undisputed that this action arises out of the medical treatment provided to the minor-plaintiff exclusively within the State of New Jersey. Thus, venue is improper in Philadelphia County, or any other county in Pennsylvania, and the action must be dismissed. See also, *Connor v. Crozer Keystone Health System*, 2003 WL 22128902 (Super. Ct.).

Plaintiffs argue that (1) all of the defendants regularly conduct business in Philadelphia County, and (2) therefore, since there is general jurisdiction in Pennsylvania, venue is proper in Philadelphia County because jurisdiction cannot exist without venue. According to plaintiffs' theory, a New Jersey patient who obtains medical treatment in New Jersey can bring a medical malpractice action against his health care provider in any county in Pennsylvania in which the defendant conducts business or the defendant can be served. However, a patient who seeks medical treatment in Pennsylvania is limited to filing suit in Pennsylvania to the county where treatment occurred.

Additionally, pursuant to plaintiffs' theory, physicians who practice in both states cannot limit their exposure by doing certain procedures only in New Jersey. The only

---

4. 42 Pa.C.S. §5101.1(b) provides that "a medical professional liability action may be brought against a health care provider for a medical professional liability claim only in the county in which the cause of action arose." Although plaintiffs commenced this action before the effective date of the amended statute, the court notes that the statute is an indicator of the legislature's intent.

way in which they could avoid exposure to suit in Pennsylvania would be to leave Pennsylvania entirely, as residents and practicing physicians.

Plaintiffs' analysis would lead to the conclusion that the Pennsylvania Supreme Court intended to extend out-of-state patients multiple choices of fora, and to limit Pennsylvania patients to the one county in which the malpractice arose. This court finds it unlikely that the Pennsylvania Supreme Court (or the Pennsylvania Legislature) intended to extend greater rights to out-of-state consumers of health care services than are extended to those seeking health care services within this Commonwealth.

For the reasons set forth above, the trial court's orders sustaining defendants' preliminary objections should be affirmed.[5]

---

5. The court did not consider forum non conveniens pursuant to 42 Pa.C.S. §5322, since the parties did not address this issue.